UNITED STATES DISTRICT COURT

DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 23-00219-DLF |
| ) | |
| LONG DUONG ) | |
| JULIE MILLER ) | |

**ASSENTED-TO MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

Defendants, Long Duong and Julie Miller, jointly request that the Court modify their respective Conditions of Release to permit them to contact and speak with each other without counsel being present. As reasons therefore, defendants through counsel state the following:

1. Both defendants were arrested in the District of Massachusetts and initially appeared before a Magistrate Judge in Boston on June 13, 2023. The government did not move for detention and the two were released the same day on conditions that included, in addition to the standard conditions, travel restrictions, prohibitions of contact with victims or witnesses, unlawful entrance into government buildings, and organizing protests. *United States v. Long Duong, et al.*, District of Massachusetts No. 23-MJ-05260-JGD at D.E. 8 (Duong) and D.E. 9 (Miller). An additional condition for Duong's release specified drug testing. *Id.* at D.E. 8.

2. Duong initially appeared before the Magistrate Judge in Washington DC by video on July 11, 2023, with Miller appearing two days later, on July 13, 2023. The Magistrate Judge continued each on pretrial release without opposition by the government.

3. The Magistrate Judge's Release Order, however, added one additional condition to defendant Miller's release order, directing that she could not speak with her co-defendant outside the presence of defense counsel. D.E. 13 at ¶ 7t (Miller).[1]

---

[1] For reasons unclear to defense counsel, the Magistrate Judge did not include the no-contact-with-co-defendant condition when ordering Luong's release. *Compare* D.E. 9 at ¶ 7t (Luong) with D.E. 13 at ¶ 7t (Miller). Counsel assumes, for purposes of this Motion, that it was the intention of the Magistrate Judge to have the condition apply to both defendants.

4. Until recently, both defendants have been in complete compliance with all of the terms of their respective release orders. Notably, they have appeared for all required court hearings and on November 7, 2024, both pled guilty before this Court. Both have cooperated with the Probation Department's Presentence Investigation and sentencing is scheduled for April 26, 2024.

5. Several weeks ago, Duong was asked to leave the home he shared with his daughter and find new housing. Unable to secure a new residence and fearing homelessness, Duong contacted Miller, in whose apartment he had lived in in the past, to request that she let him live with her temporarily while he obtained more permanent housing. After repeated pleas to her, Miller relented and permitted Duong to sleep on a couch at her home. He continues to stay with Miller as he searches for his own housing but does not anticipate a move from the home before the two are sentenced later this month.

6. Respective counsel learned about the new living circumstances last week and directed their respective clients to report the change to their respective Probation Officers.[2] Counsel also notified the government of Duong's dynamic housing situation.

7. The defendants have continued to show full compliance with all other conditions of release.

8. The Probation Department does not object to Duong living at Miller's home on a temporary basis. The arrangement does, however, require that the Court modify the conditions of release to eliminate the condition that the defendants cannot speak to each other outside of defense counsel's presence.

9. Neither the government, by and through Assistant U.S. Attorney Melanie Krebs-Pilotti, nor the Probation Officers supervising the defendants, U.S. Probation Officers Melissa Charlton and Thomas Crawford, opposes amending the conditions of release to permit them to have contact and to live in the same home.

For the foregoing reasons, the defendants jointly request that the Court modify Miller's Order Setting Conditions of Release to eliminate the condition that the defendants may only speak to each other in the presence of counsel.

---

[2] Counsel for each of the defendants also re-reviewed the respective Release Orders with the defendants and reiterated the need for compliance with all conditions therein including, where appropriate, the requirement of timely notification to the Probation Department of any change in circumstances.

| | |
|---|---|
| JULIE MILLER<br>By her attorney, | LONG DUONG<br>By his attorney, |
| /s/ Timothy Watkins<br>Timothy Watkins<br>Federal Defender Office<br>51 Sleeper St., Third Floor<br>Boston, MA   02210<br>(617) 223-8061 | /s/ Andrew P. Giering<br>Andrew Giering<br>Federal Public Defender's Office<br>10 Columbus Boulevard<br>Suite 6th Floor<br>Hartford, CT 06106-1976<br>860-493-6260 |

**CERTIFICATE OF SERVICE**

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 5, 2024.

/s/ Timothy G. Watkins
Timothy G. Watkins